**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4347**

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

LARRY LAWSON TAYLOR, JR.,

> Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge.  (3:13-cr-00087-JRS-1)

Submitted:  October 30, 2014          Decided:  November 6, 2014

Before AGEE and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jeffrey Lee Everhart, RICE AND EVERHART, Richmond, Virginia, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Erik Sean Siebert, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Lawson Taylor, Jr., pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine base. On appeal, Taylor's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court appropriately considered the statutory sentencing factors. The Government moves to dismiss the appeal based upon Taylor's appellate waiver provision in his plea agreement. Taylor has filed a pro se supplemental brief, alleging that he was improperly sentenced because the court did not subpoena his psychiatrist or consider his mitigation evidence and because his counsel did not properly prepare and present his mitigation evidence. After careful consideration of the entire record, we affirm.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and intelligent, we look "to the totality of the circumstances, including the experience and conduct of the accused, as well as

the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Here, we find that the totality of the circumstances leads to the conclusion that the waiver is valid and enforceable. At the time Taylor entered his guilty plea, he was thirty-four years old, had an eleventh grade education, was adjudged competent to plead guilty, and had experience with the court system. The plea agreement — which Taylor acknowledged he read, discussed with counsel, and understood — clearly and unambiguously set out the appellate waiver provision, and the district court specifically questioned Taylor's understanding of the waiver provision during the plea colloquy. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (explaining that, absent compelling evidence to the contrary, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established"). Further, at no point has Taylor asserted that he did not understand the plea agreement in general or the waiver provision in particular. Thus, we find that Taylor's waiver of appellate rights was knowing and voluntary, and the waiver provision is therefore valid and enforceable.

We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168. It is apparent that the sentencing issues raised by counsel in the Anders brief and by Taylor in his supplemental brief fall within the scope of the appellate waiver provision, which "waive[d] the right to appeal the conviction and any sentence within the statutory maximum . . . (or the manner in which that sentence was determined) . . . on any ground whatsoever." Both Taylor and his counsel argue that his sentence was the result of errors by the district court and, according to Taylor, by his attorney. As Taylor's waiver contained no exemptions and barred challenges to both Taylor's conviction and sentence, we grant the Government's motion to dismiss.

In so doing, we recognize that there are certain fundamental issues that cannot be waived. However, our review of the record in accordance with Anders has not disclosed any unwaived and potentially meritorious issues for review. Accordingly, we dismiss Taylor's appeal. This court requires that counsel inform Taylor, in writing, of his right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

4

Counsel's motion must state that a copy thereof was served on Taylor.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>